1  Timothy B. Yoo - State Bar No. 254332
        tyoo@birdmarella.com
2  Heejin H. Hwang - State Bar No. 349455
        hhwang@birdmarella.com
3  BIRD, MARELLA, RHOW,
   LINCENBERG, DROOKS & NESSIM, LLP
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
7  Attorneys for Applicants HYBE Co. Ltd.,
   PLEDIS Entertainment, and Han Zhen
8
                    **UNITED STATES DISTRICT COURT**
9
        **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**
10
11
12                                          CASE NO.
13  In Re *Ex Parte* Application of HYBE Co., Ltd.,   ***EX PARTE* APPLICATION FOR ORDER**
    PLEDIS Entertainment, and Han Zhen,      **AUTHORIZING DISCOVERY FOR USE**
14                                           **IN FOREIGN PROCEEDINGS**
                    Applicants.              **PURSUANT TO 28 U.S.C. § 1782 FILED**
15                                           **BY HYBE CO., LTD., PLEDIS**
                                             **ENTERTAINMENT, AND HAN ZHEN;**
16                                           **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES**
17
                                            Filed Concurrently with:
18
                                            (1) Declaration of Sun Jin Lee;
19                                          (2) Declaration of Jin-Wook Kim;
                                            (3) Proposed Subpoenas; and
20                                          (4) [Proposed] Order
21
22
23
24
25
26
27
28

4089091.5

### *EX PARTE* APPLICATION

Applicants, HYBE Co., Ltd. ("HYBE"), Pledis Entertainment ("PLEDIS"), and Han Zhen (collectively, "Applicants"), apply *ex parte* for an order authorizing limited discovery for use in civil litigation in the Republic of Korea ("South Korea") pursuant to 28 U.S.C. § 1782 ("Application"). Applicants request that the Court authorize the issuance of the proposed subpoenas appended as Exhibit A ("Subpoenas") to this Application. The Subpoenas seek limited discovery from X Corp. ("X") and Google LLC ("Google") that is necessary to identify the owner(s)/user(s) of specified X accounts and a YouTube account, who are defendants in civil lawsuits filed in South Korea by Mr. Zhen, who is an artist managed by PLEDIS.

This Application is supported by the accompanying Memorandum of Points and Authorities, declarations of Sun Jin Lee and Jin-Wook Kim and all exhibits thereto, the Subpoenas, the Proposed Order, and all matters upon which judicial notice may be taken. This Application does not require notice to X or Google, pursuant to L.R. 7-10 of the Civil Local Rules of the United States District Court for the Northern District of California.

DATED: October 15, 2025

Timothy B. Yoo
Heejin H. Hwang
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By:      */s/ Timothy B. Yoo*
       Timothy B. Yoo
       Attorneys for Applicants HYBE Co., Ltd.,
       PLEDIS Entertainment, and Han Zhen

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.     INTRODUCTION**

HYBE Co., Ltd. ("HYBE"), Pledis Entertainment ("PLEDIS"), and Han Zhen (collectively, "Applicants") seek discovery regarding the anonymous users of two X (formerly Twitter) accounts and a YouTube account (collectively, the "Accounts") in order to identify the appropriate defendants in two civil matters filed in South Korea by Mr. Zhen.  Mr. Zhen, also known by his stage name, "Han Jin," is a member of the PLEDIS-managed Korean-pop ("K-pop") group TWS and a victim of cyberbullying by the users of the Accounts.  Since spring of 2025, the users of the Accounts have published over 2,000 posts and videos on the Accounts with defamatory and false statements about Mr. Zhen, including comments that attack his Chinese nationality and malign his character.  Such statements have not only harmed Mr. Zhen, but also harmed PLEDIS and its parent company HYBE.

Mr. Zhen filed civil lawsuits against the users of the Accounts in South Korea on September 8, 2025, and September 16, 2025 (the "Korean Lawsuits"), but must identify the users to prosecute the Korean Lawsuits.  Applicants cannot request account information from X or Google in South Korea because X and Google reside outside of the jurisdiction of the South Korean courts.  Applicants thus file this Application pursuant to 28 U.S.C. § 1782(a), seeking this Court's authorization to serve the Subpoenas on X and Google for limited discovery that would enable Applicants to identify the users of the Accounts.

The Court can grant the Application because Applicants have satisfied the three statutory requirements of Section 1782(a):  (1) X maintains two offices within the Northern District of California, and Google's principal office is located in this district, such that X and Google are found in this district; (2) information obtained through Applicants' Subpoenas will be used to identify the defendant(s) in the Korean Lawsuits; and (3) Mr. Zhen is an interested person because he is a party in the Korean Lawsuits, and PLEDIS and HYBE are interested persons because they are the management company for Mr. Zhen and its parent company, respectively.

The Court should further exercise its discretion to authorize the Subpoenas because all four factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) support its

1   issuance.  Neither X nor Google is a participant in the Korean Lawsuits; the presiding court in

2   South Korea will likely receive evidence obtained through the Subpoenas; Applicants do not seek

3   to circumvent foreign proof-gathering restrictions or the policies of the United States; and the

4   Subpoenas are narrowly tailored to identify the defendant(s) in the Korean Lawsuits, which is not

5   unduly intrusive or burdensome.

6        Therefore, Applicants respectfully request that the Court grant the Application and issue an

7   order that authorizes Applicants to serve the appended Subpoenas on X and Google.

8   **II.      RELEVANT BACKGROUND**

9        **A.      Applicants**

10       HYBE is an entertainment company based in South Korea.  (Declaration of Sun Jin Lee

11  ("Lee Declaration"), ¶ 2.)  PLEDIS is a subsidiary label under HYBE; HYBE is the majority

12  shareholder of PLEDIS.  (*Id.* at ¶ 3.)

13       HYBE and PLEDIS are engaged in the entertainment business and, among other things,

14  manage and train singers and musicians performing in the globally popular K-pop genre.  (*Id.* at ¶

15  5.)  HYBE and PLEDIS use social media to cultivate audiences for the artists and performers they

16  represent and use the resulting fan engagement and interest into sales, fandom energy, and artist-

17  related content.  (*Id.* at ¶ 6.)  Statements made on social media platforms, such as X or YouTube,

18  or elsewhere on the internet can thus dramatically affect the business and reputation of HYBE and

19  PLEDIS.  (*Id.*)

20       Mr. Zhen is a member of TWS.  (*Id.* at ¶ 4.)  PLEDIS manages TWS.  (*Id.*)

21       **B.      The Subpoenaed Entities**

22       X is a Nevada corporation headquartered in Bastrop, Texas.  (Declaration of Jin-Wook

23  Kim ("Kim Declaration"), ¶ 7.)  Upon information and belief, X maintains offices in San Jose and

24  Palo Alto, California.  (*Id.* at ¶ 8.)  Google is a Delaware corporation with its principal office in

25  Mountain View, California.  (*Id.* at ¶¶ 7, 9.)  X and Google fall outside the jurisdiction of the

26  courts of South Korea.  (*Id.* at ¶ 7.)

27       **C.      The Korean Lawsuits**

28       On September 8, 2025, Mr. Zhen filed a civil lawsuit for defamation and harassment in

1  South Korea against the anonymous user of an X account under the username @plzleavme.  (Kim

2  Decl., ¶ 3; *id.*, Ex. 1.)  Upon information and belief, the same user also operated the YouTube

3  account @25s-y2k, but has since deleted the account.  (*Id.* at ¶ 4.)  Since approximately May

4  2025, the user(s) of the @plzleavme X account and @25s-y2k YouTube account have published at

5  least 379 posts and short-form videos targeting Mr. Zhen.  (Lee Decl., ¶ 9.)  The posts and videos

6  include numerous discriminatory statements about Mr. Zhen based on his Chinese nationality and

7  are demeaning of Mr. Zhen's character.  (*Id.* at ¶ 8.)

8      On September 16, 2025, Mr. Zhen also filed a civil lawsuit for defamation and harassment

9  in South Korea against the anonymous user of an X account with the username @unplu99edboyss.

10  (Kim Decl., ¶ 5; *id.*, Ex. 2.)  Since this account opened in approximately April 2025, the user(s) of

11  this account has published nearly 2,000 posts, all of which ridicule or criticize Mr. Zhen.  (Lee

12  Decl., ¶ 11.)  The posts repeatedly use derogatory terms to describe Mr. Zhen and also make

13  discriminatory statements about Mr. Zhen based on his Chinese nationality.  (*Id.* at ¶ 10.)

14      The statements published to the Accounts have harmed Applicants.  (*Id.* at ¶ 12.)

15  Applicants seek to hold those responsible accountable and to recover damages for Mr. Zhen in the

16  Korean Lawsuits.

17      **D.    Applicants' Proposed Subpoenas and the Instant Application**

18      Through this Application, Applicants request that the Court authorize Applicants to

19  conduct limited discovery by serving the Subpoenas on X and Google.  The Subpoena seeks

20  information that will allow Applicants to ascertain the true identity of the owners and users of the

21  Accounts.  The Subpoenas request two categories of documents:  (1) documents sufficient to

22  identify the account identifier(s), creation date(s), access logs, name(s), date(s) of birth, email

23  address(es), and other contact information of "the person(s) who created, used, and/or otherwise

24  logged into" the Accounts; and (2) documents sufficient to identify the name(s), date(s) of birth,

25  email address(es), and other contact information of "the person(s) associated with credit card(s),

26  bank account(s), and/or other electronic commerce details registered with" the Accounts.  The

27  latter request specifically states that it "does not seek the actual credit card numbers, bank account

28  numbers, or the electronic commerce account numbers or passwords" and "does not seek any

financial transaction information." (*See* Subpoenas, Appl., Ex. A.)  Because this information will allow Applicants to identify the defendants for the Korean Lawsuits, the Court should permit the requested discovery.

## III.   LEGAL STANDARD

Section 1782(a) authorizes a district court to order a person "resid[ing] or "found" in that district to "give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, . . . upon the application of any interested person." 28 U.S.C. § 1782(a); *Intel Corp.*, 542 U.S. at 246.  There are three statutory requirements:  "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'"  *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

Once an applicant satisfies these three requirements, a district court has "substantial discretion" to permit the requested discovery.  *Id.* at 926.  A court can exercise its discretion to grant an application under Section 1782(a) after weighing four factors set forth by the U.S. Supreme Court in *Intel Corp.*:  "(1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'"  *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023).

As discussed below, this Application satisfies the three statutory requirements of Section 1782(a).  Further, because all four *Intel Corp.* factors weigh in favor of permitting the discovery requested in the Subpoenas, the Court should grant the Application.

IV.     **THE COURT SHOULD GRANT THE APPLICATION**

    A.     ***Ex Parte* Relief Is Appropriate for the Application Under Section 1782.**

As a preliminary matter, this Application is the proper subject of *ex parte* relief. "It is common for parties to file *ex parte* applications [for an order pursuant to Section 1782], as 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or participate in it.'" *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). Courts thus routinely grant Section 1782(a) applications on an *ex parte* basis. *Id.* at 922, 924. If X or Google believes that Applicants' discovery requests are objectionable after service of the Subpoenas, they will have the opportunity to address those issues, including before this Court if necessary.

    B.     **Applicants Have Met the Three Statutory Requirements of Section 1782.**

First, X and Google are found in the Northern District of California. Upon information and belief, X maintains offices in San Jose and Palo Alto, California. (Kim Decl., ¶ 8.) These in-district offices are sufficient to satisfy the first statutory requirement of Section 1782(a). *See Super Vitaminas, S.A.*, No. 17-mc-80125-SVK, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (finding that Microsoft was "found" in the Northern District of California based on its operation of two corporate sales offices in Mountain View and San Francisco). Google also meets the residency requirement, as its principal office is located in the district in Mountain View, California. (Kim Decl., ¶ 9.) *See United States*, 690 F. Supp. 3d at 1017 (finding that Google "resides or is found" in the Northern District of California).

Second, the requested discovery will be used in a proceeding before a foreign tribunal. Mr. Zhen initiated the Korean Lawsuits against anonymous individual(s), entity, or entities behind the Accounts. (Kim Decl., Exs. 1 & 2.) Applicants will use the requested discovery to identify the user of the Accounts, which will, in turn, allow Mr. Zhen to name the users as defendants in the Korean Lawsuits. (*Id.* at ¶¶ 7, 10–11.) Thus, Applicants have satisfied the second statutory requirement. *See In re Bleach, Inc.*, No. 24-mc-80021-PCP, 2024 WL 1898450, at *1–2 (N.D. Cal. Apr. 30, 2024) (permitting subpoena on X for personally identifiable information of an

anonymous X user, which the applicant intended to use to file a lawsuit against that user in Japan).

Third, Applicants are interested persons.  Mr. Zhen is the plaintiff in the Korean Lawsuits.  *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person'….").  Further, an "interested person" includes "'not only litigants before foreign or international tribunals, but . . . any other person whether he be designated by foreign law or international convention or merely possesses a reasonable interest in obtaining judicial assistance.'"  *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (quoting *Intel Corp.*, 542 U.S. at 256–57).  PLEDIS is the management company for TWS, whose member, Mr. Zhen, is the target of the malicious posts by the users of the Accounts and the plaintiff in the Korean Lawsuits.  (Lee Decl., ¶¶ 4, 8–11.)  PLEDIS and its parent company, HYBE, have a significant interest in protecting its artists from cyberbullying.  (*Id.* at ¶ 5.)  The false statements by the users of the Accounts have also harmed the business and reputation of PLEDIS and HYBE, such that PLEDIS and HYBE will benefit if the users are held accountable in South Korea.  (*Id.* at ¶ 6, 12.)  As such, all Applicants hold a reasonable interest in obtaining this Court's assistance to obtain the discovery requested in the Subpoenas.

Accordingly, the Court has the authority to grant the relief sought by the Application because Applicants have satisfied the three statutory requirements of Section 1782(a).

### C.    All Four *Intel Corp.* Factors Support an Order Authorizing the Requested Discovery from X and Google

The Court should exercise its discretion to grant the Application because all four factors set forth in *Intel Corp.* further support permitting the requested discovery.

The first factor supports granting the Application, as X and Google are not "participant[s] in the foreign proceeding," *Intel Corp.*, 542 U.S. at 247, and lie outside the jurisdiction of South Korean courts.  (Kim Decl., ¶ 7.)  Accordingly, "the need for § 1782(a) aid" to obtain the requested discovery is "apparent."  *United States*, 690 F. Supp. 3d at 1019.

The second factor also supports granting the Application because the South Korean courts are likely to consider the information requested by the Subpoenas.  The crux of this factor is "whether the foreign tribunal is willing to consider the information sought."  *Id.* at 1020.  "[T]his

factor weighs in favor of discovery <u>unless the foreign tribunal in question has expressly made it clear that it would not accept the evidence.</u>" *Id.* (emphasis added). Here, South Korean courts have not declared that they would reject evidence obtained through a subpoena in the United States. (Kim Decl., ¶ 12.) Courts in this district have recognized that South Korean courts have not issued a directive against the use of evidence obtained under Section 1782. *See In re Starship Entm't*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023). Given the absence of "authoritative proof" that South Korean courts would reject the discovery requested here, this factor weighs in favor of the Subpoenas. *In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016).

The third factor likewise supports granting the Application because Applicants do not seek to "circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 265. "[A]bsence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor of an application under § 1782." *United States*, 690 F. Supp. 3d at 1021. Here, the declarations of Jin-Wook Kim and Sun Jin Lee show that the Application is not an attempt to circumvent foreign or U.S. procedures or policies. Because neither X nor Google is subject to the jurisdiction of South Korean courts, Applicants must apply to this Court pursuant to Section 1782(a) for the requested information. (Kim Decl., ¶¶ 7, 10; Lee Decl., ¶¶ 13–14.) Moreover, Applicants do not intend to use the information requested from X in any criminal proceedings. (Kim Decl., ¶ 11; Lee Decl., ¶ 16.) Therefore, the third *Intel Corp.* factor weighs in Applicants' favor.

Finally, the fourth factor supports granting the Application because the Subpoenas are not "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *United States*, 690 F. Supp. 3d at 1023. Here, Applicants request information about two X accounts and one YouTube account. The discovery is for a limited purpose: to ascertain the identity of the defendants for the Korean Lawsuits. (Kim Decl., ¶¶ 7, 10; Lee Decl., ¶¶ 13–16.) The requests are narrowly tailored to this purpose—the Subpoenas do not seek the content of any communications associated with

the Accounts, do not seek sensitive financial information, and only seek the last ten access logs. (*See* Subpoenas.)  The Subpoenas seek basic identifying and contact information of the users of the Accounts, which is not unduly intrusive or burdensome.  *United States*, 690 F. Supp. 3d at 1023.  As Applicants do not request unnecessary information, the final *Intel Corp.* factor weighs in favor of discovery.  *See Starship Entm't*, 2023 WL 3668531, at *4 (finding that requests for "information that is necessary to identify the putative defendants" were "not unduly intrusive or burdensome"); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *5 (N.D. Cal. Aug. 10, 2021) (permitting subpoena that was "narrowly tailor[ed]" to identify users of two accounts).

In sum, all four factors weigh in favor of Applicants' request, and the Court should thus grant the Application.

## V.  CONCLUSION

For the foregoing reasons, the Court should grant the Application and enter an order authorizing Applicants to serve the appended Subpoenas on X Corp. and Google.

DATED:  October 15, 2025

Timothy B. Yoo
Heejin H. Hwang
Bird, Marella, Rhow,
Lincenberg, Drooks & Nessim, LLP


By: _____/s/ Timothy B. Yoo_____
Timothy B. Yoo
Attorneys for Applicants HYBE Co., Ltd.,
PLEDIS Entertainment, and Han Zhen

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Ex Parte Application of HYBE Co., Ltd., et al. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              X Corp.
                    c/o CT Corporation System (1999 Bryan Street, Suite 900, Dallas, TX 75201-3136)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: tyoo@birdmarella.com<br>By mail to: Bird Marella LLP, 1875 Century Park East,<br>23rd Floor, Los Angeles, CA 90067 | Date and Time:<br><br>11/14/2025 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

             *CLERK OF COURT*
                                                                    OR
        _____            _____
          *Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
HYBE Co., Ltd., PLEDIS Entertainment, and Han Zhen _____ , who issues or requests this subpoena, are:

Timothy B. Yoo; Bird Marella, LLP, 1875 Century Park East, 23rd Fl, Los Angeles, CA 90067; tyoo@birdmarella.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

1.      The term "DOCUMENT" or "DOCUMENTS" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

2.      The term "X ACCOUNTS" means the account on the social media platform X (formerly known as Twitter) registered or otherwise linked to the person(s) who created, used and/or otherwise logged in with the following usernames:

      a.      @plzleavme, which has the display name "밍" in Korean (transliterated to "Ming" in English) and is accessible through the URL "https://x.com/plzleavme"; and

      b.      @unplu99edboyss, which has the display name "샌" in Korean (transliterated to "Shen" in English) and is accessible through the URL "https://x.com/unplu99edboyss."

3.      The term "ACCESS LOGS" means the dates and times (or timestamps), Internet Protocol ("IP") addresses, activity types, port numbers, and any other related information that is kept by X Corp. when users or accountholders log in or publish posts to the X ACCOUNTS.

**REQUESTS FOR PRODUCTION**

1.      DOCUMENTS sufficient to identify the X account identifier(s) ("ID(s)"), the username(s) of the X account(s), the display name of the X account(s), the creation date(s) of the X account(s), name(s), date(s) of birth, email address(es), and other contact information of the person(s) who created, used, and/or otherwise logged in to the X ACCOUNTS, as well as at least the last ten ACCESS LOGS of the X ACCOUNTS and the time zone(s) associated with the timestamps in those ACCESS LOGS.

2.      DOCUMENTS sufficient to identify the name(s), date(s) of birth, email address(es), and other contact information of the person(s) associated with credit card(s), bank account(s), and/or other electronic commerce details registered with the X ACCOUNTS.  This request does not seek the actual credit card numbers, bank account numbers, or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of California

| | |
|---|---|
| In re Ex Parte Application of HYBE Co., Ltd., et al. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Google LLC
c/o Corporation Service Company (2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: By email to: tyoo@birdmarella.com<br>By mail to: Bird Marella LLP, 1875 Century Park East,<br>23rd Floor, Los Angeles, CA 90067 | Date and Time:<br><br>11/14/2025 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|                    *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
HYBE Co., Ltd., PLEDIS Entertainment, and Han Zhen _____ , who issues or requests this subpoena, are:

Timothy B. Yoo; Bird Marella, LLP, 1875 Century Park East, 23rd Fl, Los Angeles, CA 90067; tyoo@birdmarella.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>ATTACHMENT A</u>**

**DEFINITIONS**

1.      The term "DOCUMENT" or "DOCUMENTS" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

2.      The term "GOOGLE ACCOUNT" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, used and/or otherwise logged in to the YouTube channel by the username @25s-y2k, using the display name "5ws."

3.      The term "ACCESS LOGS" means the dates and times (or timestamps), Internet Protocol ("IP") addresses, activity types, port numbers, and any other related information that is kept by Google LLC when users or accountholders log in to or send or receive emails from the GOOGLE ACCOUNT.

**REQUESTS FOR PRODUCTION**

1.    DOCUMENTS sufficient to identify the Google or YouTube account identifier(s) ("ID(s)"), the username(s) of the Google or YouTube account(s), the creation date(s) of the Google or YouTube account(s), name(s), date(s) of birth, email address(es), and other contact information of the person(s) who created, used, and/or otherwise logged in to the GOOGLE ACCOUNT, as well as at least the last ten ACCESS LOGS of the GOOGLE ACCOUNT and the time zone(s) associated with the timestamps in those ACCESS LOGS.

2.    DOCUMENTS sufficient to identify the name(s), date(s) of birth, email address(es), and other contact information of the person(s) associated with credit card(s), bank account(s), and/or other electronic commerce details registered with the GOOGLE ACCOUNT. This request does not seek the actual credit card numbers, bank account numbers, or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.