UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re *Ex Parte* Application of HYBE Co., Ltd., PLEDIS Entertainment, and Han Zhen, Applicants, | Case No. 25-mc-80319-JSC<br><br>**ORDER RE: APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Mr. Zhen, a member of the Korean-pop group TWS, has sued anonymous X and YouTube account users for defamation in South Korea. (Dkt. No. 1-2 ¶¶ 2-5.)[1] Now pending before the Court is HYBE Co., Ltd.'s (HYBE), PLEDIS Entertainment's (PLEDIS), and Han Zhen's ("Applicants") application for a 28 U.S.C § 1782 order authorizing service of subpoenas on X Corp. ("X") and Google LLC ("Google") to identify the X and YouTube account users. (Dkt. No. 1; Dkt. No. 1 at 12-21 (subpoenas).) X and Google do not oppose the application but reserve their rights to challenge the subpoenas once served. (Dkt. Nos. 13, 16.) After carefully considering the application, the Court GRANTS the request.

**DISCUSSION**

28 U.S.C § 1782(a) allows a district court to order discovery for use in a foreign country when the discovery applicant meets several statutory requirements and satisfies certain discretionary factors. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004).

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

## I.   STATUTORY REQUIREMENTS

Under 28 U.S.C. § 1782, a court may order discovery for use in a foreign proceeding when: "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

First, X and Google reside or are found in this district. Applicants declare X maintains offices in Palo Alto, California and San Jose, California, and Google is headquartered in Mountain View, California, all of which are in the Northern District of California. (Dkt. No. 1-2 ¶¶ 8-9.) *See In re Ex Parte Application of Qualcomm, Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (holding residency requirement satisfied when subpoena recipients maintained headquarters or offices within the district). Furthermore, "[w]hile the Ninth Circuit has not interpreted this portion of the statue, the Second Circuit held 'resides or is found' extends to the limits of personal jurisdiction." *See Shueisha Inc. v. Paypal Holdings, Inc.*, No. 22-MC-80273-JSC, 2023 WL 2277102, at *3 (N.D. Cal. Feb. 27, 2023) (citing *In re del Valle Ruiz*, 939 F.3d 520, 523-24 (2d Cir. 2019)). So, Applicants have satisfied the § 1782 jurisdiction requirement because X and Google consented to personal jurisdiction by "filing a response without disputing jurisdiction." *Id.* at *4.

Second, the requested discovery will be used in a proceeding before a foreign tribunal. Applicants seek the discovery to name the users as defendants in pending civil cases Nos. 2025GASO25915 and 2025GASO26121 in the Seoul Western District Court in South Korea. (Dkt. No. 1-2 ¶¶ 3, 5, 7.) *See In re Bleach, Inc.*, No. 24-MC-80021-PCP, 2024 WL 1898450, at *1-2 (N.D. Cal. Apr. 30, 2024) (allowing subpoena on X for personally identifiable information of anonymous X user whom applicant intended to name as defendant in lawsuit in Japan).

Third, Applicants are interested persons. Mr. Zhen is the plaintiff in the foreign proceeding. (Dkt. No. 1-2 ¶¶ 3, 5.) *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person.'"). Because

2

1  PLEDIS manages Mr. Zhen's group TWS, and HYBE owns PLEDIS, Applicants declare PLEDIS
2  and HYBE have an interest in protecting their artists from cyberbullying, their business and
3  reputation have been harmed by defamatory statements made about Mr. Zhen, and they have
4  retained a firm to represent Mr. Zhen in South Korea.  (*Id.* ¶¶ 3-6, 12.)  So, PLEDIS and HYBE
5  are also interested persons.  *See Intel Corp.*, 542 U.S. at 257 ("'[A]ny interested person' is
6  'intended to include not only litigants before foreign or international tribunals, but also . . . any
7  other person whether he be designated by foreign law or international convention or merely
8  possesses a reasonable interest in obtaining [judicial] assistance.'" (citation omitted)); *see also*
9  *Khrapunov*, 931 F.3d at 925 (including as "interested person" any person whose "future [legal]
10 proceeding is 'within reasonable contemplation'" (quoting *Intel Corp.*, 542 U.S. at 259)).

11  So, Section 1782's statutory requirements are met here.

## II. DISCRETIONARY FACTORS

After finding the applicant has satisfied the above statutory requirements, courts have discretion to grant or deny Section 1782 applications.  *See Intel Corp.*, 542 U.S. at 264.  To make this determination, courts consider: (1) whether the "person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the requested discovery is "unduly intrusive or burdensome." *Id.* at 264-65.

### A. Participation in Foreign Proceeding

"[W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad." *Id.* at 264; *see also In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.*, No. 16-MC-80193-DMR, 2016 WL 6804600, at *3 (N.D. Cal. Nov. 17, 2016) (finding factor weighed in favor of granting when proposed subpoenaed party was "not a party to the proceedings in China").  Neither X nor Google

is a party to the proceedings against the X and Google users in South Korea. (Dkt. No. 1-2 ¶¶ 3, 5.) So, this factor weighs in favor of granting the application.

### B.     Nature of Foreign Tribunal and Its Receptivity

As to the second factor, courts consider the "nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to U.S. federal-court judicial assistance." *Intel Corp.*, 542 U.S. at 264. "Courts have held this factor weighs in favor of granting the application unless the foreign tribunal expressly says it does not want assistance from U.S. federal courts." *In the Matter of the Application of Canadian Imperial Bank of Commerce*, No. 24-MC-80070-JSC, 2024 WL 3226794, at *2 (N.D. Cal. June 27, 2024) (citations omitted); *see also In re Starship Entertainment, Co., Ltd.*, No. 23-MC-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May 24, 2023) ("The Court is not aware of any directive from Korea against the use of Section 1782 evidence."). Applicants believe the South Korean court will "receive as evidence the information sought" and are "not aware of any directive by South Korean courts that would preclude [their] use." (Dkt. No. 1-2 ¶ 12.) So, in the absence of the South Korean courts' express statement they do not want assistance, this favor weighs in favor of granting the application.

### C.     Attempt to Circumvent Foreign or U.S. Law

The third discretionary factor considers "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." *Intel Corp.*, 542 U.S. at 264-65. "[A]bsence of evidence of attempted circumvention of the foreign tribunal's proof-gathering procedures weighs in favor of an application under § 1782." *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1021 (N.D. Cal. 2023); *see also In re Takagi*, No. 23-MC-80124-JSC, 2023 WL 4551074, at *4 (N.D. Cal. July 13, 2023) (considering sufficient applicant's attestation she was not aware of any foreign law she was attempting to circumvent). Applicants declare South Korean courts "do not have jurisdiction over X or Google," so they "cannot seek discovery from X or Google in the Korean lawsuits," but "must identify the user[s] . . . to name the[m] as defendants in the Korean Lawsuits and to prosecute the Korean Lawsuits." (Dkt. No. 1-2 ¶ 7.) They further declare their intent to use the information

4

"solely to identify the appropriate defendants in the Korean Lawsuit," and not "in any criminal proceedings." (*Id.* ¶¶ 10-11.)  Applicants also argue their application "is not an attempt to circumvent foreign or U.S. procedures or policies." (Dkt. No. 1 at 9.)  Furthermore, as "there is nothing in the record to suggest that the ultimate source of the statements is a U.S. citizen," the First Amendment does not weigh against granting this application.  *See Google LLC*, 690 F. Supp. 3d at 1021-22 (explaining U.S. anonymous speech protections did not weigh against granting § 1782 application when "nothing in the present record indicat[ed] the unidentified defendant in the underlying South Korean civil action is entitled to First Amendment protections").  In the absence of contrary evidence, this favor weighs in favor of granting the application.

### D. Unduly Intrusive or Burdensome Requests

Finally, the request must not be "unduly intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265.  "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad 'fishing expedition' for irrelevant information." *Google LLC*, 690 F. Supp. 3d at 1023 (quotation marks and citation omitted).  Applicants request information about two X accounts and one YouTube account.  (Dkt. No. 1 at 15, 20.)  The requests are narrowly tailored to their purpose of identifying the defendants for the Korean Lawsuits because they seek information necessary to identify and validate the account users, their contact information, and when they accessed the account.  (*Id.* at 16, 21.)  So, the requests are not unduly intrusive or burdensome.  *See Google LLC*, 690 F. Supp. 3d at 1023 (finding subpoena requesting similar personal information to identify anonymous Gmail account user not unduly intrusive or burdensome); *In re Med. Corp. Seishinkai*, No. 21-MC-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (finding similar subpoena requests not unduly intrusive or burdensome); *see also In re Starship Entertainment Co., Ltd.*, 2023 WL 3668531, at *4 (granting application and noting "[t]o the extent Google asserts that any of the information sought by Applicant is burdensome or confidential or proprietary, it can bring a motion to quash or the parties can enter a protective order")

So, the *Intel* discretionary factors also weigh in favor of granting the application.

\\

**CONCLUSION**

As the statutory requirements are met, the *Intel* discretionary factors weigh in favor of granting, and X and Google do not oppose the application, the Court GRANTS Applicants' Section 1782 application. Applicants may serve the respective subpoenas on X and Google. This order does not foreclose a motion to quash or modify the subpoena by X or Google following service, or by the owners or users whose information is being sought. *See CPC Patent Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 809 (9th Cir. 2022).

**IT IS SO ORDERED.**

Dated: November 24, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge